**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 20 2018

FOR THE NINTH CIRCUIT

JOHN SMITH,

                Plaintiff-Appellant,

  v.

M. DEPASQUALE, in his capacity as a Los Angeles Police Department officer and detective; et al.,

                Defendants-Appellees.

No.   17-55231

D.C. No.
2:14-cv-07435-BRO-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted June 8, 2018
Pasadena, California

Before:  LIPEZ,[**] TALLMAN, and OWENS, Circuit Judges.

John Smith appeals from the judgment following the jury's verdict in favor

of Officers Charles Block and Michael Depasquale (collectively "the Officers") in

this 42 U.S.C. § 1983 action.  As the parties are familiar with the facts, we do not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not abuse its discretion under Federal Rule of Evidence 403 in prohibiting the parties from using the terms "guilt" and "innocence" at trial. "[T]rial courts have very broad discretion in applying Rule 403 and, absent abuse, the exercise of its discretion will not be disturbed on appeal." *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (citation and internal quotation marks omitted). The district court permitted Smith to present evidence that supported his innocence and established his wrongful conviction. The cases that Smith cites to argue that more was required of the district court only reinforce our conclusion that the district court acted well within its discretion. *See, e.g.*, *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014); *Parish v. City of Elkhart*, 702 F.3d 997, 999–1000 (7th Cir. 2012).

2.    Assuming without deciding that the district court erred under Federal Rule of Evidence 403 in prohibiting Smith from presenting evidence that the California Victim Compensation and Government Claims Board ("VCB") found Smith "innocent," its error in doing so was harmless. Not only did Smith himself testify before the jury that he "was in prison for up to 17, 18 years for something [he] didn't do," he also introduced evidence that was of the same kind as that of the VCB's innocence finding. *See City of Long Beach v. Standard Oil Co. of Cal.*, 46 F.3d 929, 936–37 (9th Cir. 1995). Officers from the Los Angeles Police

2

Department ("LAPD") and Los Angeles District Attorney's Office ("LADA") testified that the LAPD and LADA lost confidence in Smith's conviction after the sole eyewitness at Smith's murder trial had recanted and each office had found the eyewitness's recantation corroborated. Smith also introduced evidence that the Los Angeles Superior Court had found that "there was insufficient evidence to convict Mr. Smith" and granted his habeas petition and release. These are all conclusions by third-party institutions that the evidence did not support Smith's conviction. We therefore conclude that it is more probable than not that the jury's verdict would have been the same had evidence of the VCB's "innocen[ce]" finding been admitted. *See Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005).

3. The district court did not abuse its discretion in limiting the parties to nine hours of trial time each. Although trial courts "must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency," this court recognizes the "broad authority" of trial courts "to impose reasonable time limits." *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001) (citations and internal quotation marks omitted). To show that the district court rigidly enforced the nine-hour time limit, Smith points to two places in the record where he allegedly asked for, and was denied, more time. But these cites misrepresent the record. When Smith's counsel asked the district court for "a little leeway to allow a little additional time" when presenting video testimony to the jury, his counsel clarified that she did not "mean

in addition to the nine" hours of trial time, but meant "in terms of . . . talking to [the witness] at the prison." To this request, the district court said, "I see what you are saying. Okay." And when Smith's counsel asked the district court how much time was left and stated that she could not do in nine hours what it took the LAPD and LADA years to do (i.e., assure themselves that Smith was wrongfully convicted), his counsel was not asking for more time. Instead, she was objecting to the defense's extended impeachment of the eyewitness and was requesting a limiting instruction to prevent the jury from considering these statements for their truth.

With this context, Smith fails to provide a single instance where he objected to the time limit or requested more time. We therefore decline to find the district court abused its discretion in limiting the parties to nine hours of trial time each. *See Monotype Corp. v. Int'l Typeface Corp.*, 43 F.3d 443, 451 (9th Cir. 1994) (explaining that "the objecting party must show there was harm incurred as a result" of the time limit and that the "better place . . . to make the time argument" was at the district court).

4.     We deny Smith's motion to supplement the record on appeal. *See* Fed. R. App. P. 10(e)(2)(C).

Appellant shall bear the costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

4